**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ANDRE BERNARD DAVIS (#491286)**                               **CIVIL ACTION**

**VERSUS**

**PERDUE, BRANDON, FIELDER, COLLINS**                           **NO. 09-0717-JJB-CN**
**& MOTT, L.L.P., ET AL.**

**NOTICE**

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

  ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

  Signed in chambers in Baton Rouge, Louisiana, October 5, 2009.

                _____
                **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ANDRE BERNARD DAVIS (#491286)**                                       **CIVIL ACTION**

**VERSUS**

**PERDUE, BRANDON, FIELDER, COLLINS**                                   **NO. 09-0717-JJB-CN**
**& MOTT, L.L.P., ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Perdue, Brandon, Fielder, Collins & Mott, L.L.P., the City of Vega, Texas, the County of Oldham, Texas, and Texas Justices of the Peace, Judy Ward and Kristy Homfeld, complaining that in August, 2009, he received correspondence from a Texas lawfirm indicating that he was being assessed a fine by a Texas court in the amount of $715.00, part of which was attributed to an alleged speeding ticket issued in Oldham County, Texas, and part of which was attributed to the petitioner's alleged failure to appear in a court in that jurisdiction. The plaintiff asserts that this correspondence and its referenced assessment were a mistake, that he has never been in the State of Texas, and that he is in fact presently serving a life sentence at LSP in the State of Louisiana. In a supplemental pleading, the plaintiff acknowledges that he has now received correspondence from the above-referenced lawfirm conceding that a mistake was made, apologizing for this mistake, and advising the plaintiff to disregard the prior notice. The plaintiff complains, however, that he is concerned that his reputation and credit may have been adversely affected by the defendants' actions, and he continues to seek compensation in connection with the defendants' alleged wrongful conduct.

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action or any part of an action, brought in forma pauperis, if satisfied that the claims asserted therein are frivolous, malicious, or fail to state a claim upon which relief may be granted.  Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis claim is properly dismissed as frivolous if the claim lacks an arguable  basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

In the instant case, the plaintiff has failed to state a claim of constitutional dimension.  Although it appears likely that a mistake was made by officials in the State of Texas regarding the identity of the person assessed the referenced motor vehicle fine and failure-to-appear citation, the plaintiff makes no assertion that any defendant intentionally sought to violate his constitutional rights with respect thereto, which is a prerequisite for a claim brought pursuant to 42 U.S.C. § 1983.  Rather, the plaintiff's claim sounds wholly in the nature of a claim of negligence, and the law is clear that a claim of mere negligence is not actionable under § 1983.  Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).  Moreover, it appears in any event, from the plaintiff's subsequent acknowledgement, that the defendants' error has in fact been rectified

and that the plaintiff is no longer viewed as responsible for the assessed fines.  In the Court's view, any potential secondary or tangential impact upon the plaintiff's reputation or credit fail to rise to the level of a constitutional violation.  Accordingly, the plaintiff's lawsuit is subject to dismissal as legally frivolous pursuant to 28 U.S.C. § 1915.

Further, in the alternative, a District Court may raise, <u>sua sponte</u>, the question of lack of personal jurisdiction and/or improper venue. <u>System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy</u>, 242 F.3d 322 (5th Cir. 2001); <u>Frass v. Southern Pacific Transp. Co.</u>, 810 F.Supp. 189 (S.D. Miss. 1993).  In the instant case, there is no reasonable basis for concluding that any of the named defendants are properly subject to suit in the State of Louisiana or that venue is appropriate in this State or in this District under the general venue statute, 28 U.S.C. § 1391(a) and (b).  Accordingly, the plaintiff's lawsuit is subject to dismissal for this reason as well.

**RECOMMENDATION**

It is recommended that the plaintiff's Complaint be dismissed, with prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915, and that this action be dismissed.[1]

Signed in chambers in Baton Rouge, Louisiana, October 5, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] The plaintiff is placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."